```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
DEAN LEIBOWITZ,                                :
                    Plaintiff,                 :
                                               :
v.                                             :     **MEMORANDUM OPINION**
                                               :     **AND ORDER**
CHARLES BEHRE, BEHRE ENTERPRISES,              :
LLC, and HIGH NOON TRUCKING, INC.,             :     16 CV 376 (VB)
                    Defendants.                :
--------------------------------------------------------------x
```

For the reasons set forth below, plaintiff's motion that this case be tried to a jury (Doc. #28) is GRANTED.

This is an action to recover damages for personal injuries arising out of a motor vehicle accident in Mt. Vernon, New York.  In or about April 2015, plaintiff commenced the action in Supreme Court, Westchester County, by filing a summons and complaint, and defendants served an answer on October 29, 2015.  On January 18, 2016, defendants timely removed the case to this Court based on diversity of citizenship.  (Doc. #1).

Neither party filed a timely demand for a jury trial, either before or after removal.  However, at the initial conference on March 14, 2016, the parties jointly submitted a proposed civil case discovery plan and scheduling order, which the Court "so ordered," stating, among other things, that "[t]his case is to be tried to a jury."  (Doc. #6).  And following a period of pretrial discovery, counsel for both parties attended a case management conference on June 22, 2017, at which the case was set for trial on January 22, 2018, and a schedule for pretrial submissions was agreed upon.  Among other things, the parties agreed, and the Court "so ordered," that by December 22, 2017, the parties would file requests to charge and proposed voir dire questions.  (Doc. #22).

By letter dated December 6, 2017, plaintiff's counsel asked the Court for "clarity" regarding whether this case would be tried to a jury or not. (Doc. #24). Defense counsel responded by letter dated December 7, 2017, stating that since no party demanded a jury trial, the trial should be a bench trial. (Doc. #25). The Court conducted a telephone conference on December 14, 2017, following which plaintiff filed the instant letter-motion, which defendants opposed.

Rule 81(c)(3) of the Federal Rules of Civil Procedure provides, in pertinent part, that if all pleadings have been served before removal, as is the case here, a party otherwise entitled to a jury trial must be given a jury trial if it serves a demand within 14 days after it either files a notice of removal or is served with a notice of removal. Rule 39(b), which applies to removed cases pursuant to Rule 81(c)(1), provides that if a jury trial is not properly demanded, the case will be tried by the Court, except that the Court "may" order a jury trial on any issue otherwise triable by jury.

"Rule 39(b) permits a district judge to exercise his discretion and grant a jury trial despite the failure of a party to comply with the time provision." Cascone v. Ortho Pharmaceutical Corp., 702 F.2d 389, 391 (2d Cir. 1983). In Cascone, the Second Circuit made clear that, in a case removed from a New York state court, Rule 39(b) should be more liberally construed than it would be in a case originally commenced in federal court. Id. at 392. This is because in New York practice – unlike in federal practice – a jury demand need not be made until the case is actually ready for trial, and even then, under CPLR § 4102(a), (e), the court has broad discretion to excuse an untimely request absent "undue prejudice" to other parties. Id. at 391. As the court in Cascone put it: "Although we may not overlook lack of compliance with the federal procedural rules in removed cases, there is nonetheless some 'play in the joints' for

2

accommodating a removed party who may not be as at ease in the new surroundings imposed upon him." Id. at 392. The Cascone court thereby distinguished the more restrictive rule announced in Noonan v. Cunard Steamship Co., 375 F.2d 69, 70 (2d Cir. 1967), a case originally commenced in federal court; namely, that mere inadvertence of counsel is insufficient to permit the untimely filing of a jury demand. Cascone v. Ortho Pharmaceutical Corp., 702 F.2d at 392.

In exercising its discretion here, the Court has considered the following factors: First, this is a personal injury case based on negligence, which is certainly the type of case ordinarily tried to a jury. Second, the parties clearly operated under the assumption that the trial would not be a bench trial – from the initial conference when the parties jointly proposed an order that included an explicit statement that the case would be tried to a jury, to the post-discovery conference when the parties agreed on a schedule for pretrial submissions, including the submission of requests to charge and proposed voir dire, which would only be necessary for a jury trial. Third, although defendants do not consent to the late filing of the jury demand, they have suffered no prejudice whatsoever as a result of the late demand. See Higgins v. Boeing Corp., 526 F.2d 1004, 1007 (2d Cir. 1975). And finally, "courts [should] indulge every reasonable presumption against waiver" of the constitutional right to a jury trial. Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393 (1937).

The Court has considered defendants' arguments and finds them to be without merit. The Second Circuit in Cascone plainly did not limit its liberal reading of the rule to a situation in which the three specified instances in Rule 81(c)(3) are not present. Moreover, haling citizens into court to decide a private dispute between private parties, as inconvenient as that may be, is exactly what the Founders had in mind when they included the guarantee of a jury trial in the Bill of Rights.

3

## CONCLUSION

Plaintiff's motion for a jury trial, notwithstanding his failure to comply with Rule 81(c)(3), is GRANTED.

By January 8, 2018, the parties shall submit their requests to charge and proposed <u>voir dire</u> questions. The final pretrial conference will proceed as scheduled on January 17, 2018, at 9:30 a.m. Jury selection and trial will proceed on January 22, 2018 at 9:30 a.m.

The Clerk is instructed to terminate the motion. (Doc. #28).

Dated: December 28, 2017
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge